# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **UES CONSULTING SERVICES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. _____ |
| vs. ) | |
| ) | |
| **UES PROFESSIONAL SOLUTIONS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, UES Consulting Services, Inc. ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendant, UES Professional Solutions, LLC ("Defendant"), and in support states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for federal and state trademark infringement, unfair competition and related claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq. and other federal and state statutory/common law.

### PARTIES

2. Plaintiff is a Kansas corporation with its principal place of business located at 100 E. 7th Street, Suite 200, Kansas City, Missouri 64106.

3. Defendant is a Florida limited liability company with its principal place of business located at 4205 Vineland Road, Suite L1, Orlando, Florida 32811. Defendant may be served through its registered agent, Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, FL 32301.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. §§ 1338(b) and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit acts of infringement and other violations in Missouri and because Defendant regularly transacts and conducts business in Missouri.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or a substantial part of property that is subject of the action is situated in this District.

## GENERAL ALLEGATIONS

### Plaintiff and Its Mark

7. Plaintiff is an engineering and environmental consulting firm headquartered in Kansas City, Missouri.

8. Plaintiff was formed in 1990 under the name Underground Environmental Services, Inc.

9. Since its formation, Plaintiff has specialized in providing Property Condition Assessments, Phase I Environmental Site Assessments, Phase II Sub Surface Investigations and services related to remediation and removal of environmental conditions (the "Services").

10. In 2012, Plaintiff changed its name to UES Consulting Services, Inc. Prior to this name change, Plaintiff began using the mark "UES" (the "Mark") in connection with its business and Services.

11. Plaintiff has expended significant investment and resources in marketing, branding and the development of goodwill focused around the Mark, including the development of a specialized logo.

12. The below logo has been used continuously by Plaintiff in commerce in connection with its Services and Mark since at least 2017 (hereafter, "Plaintiff's Logo"):



13. Plaintiff has continuously used its Mark in commerce in connection with Services performed across the United States, with extensive use and recognition in the geographical areas of Missouri, Kansas, Texas, Oklahoma, Nebraska, Arkansas and Iowa (the "Geographic Area").

14. As a result of Plaintiff's widespread, continuous, and exclusive use of the Mark and the Plaintiff's Logo to identify the Services and Plaintiff as their source, the Mark and Plaintiff's Logo are distinctive to both the consuming public and Plaintiff's trade, have become synonymous with Plaintiff in the Geographic Area, have come to signify the high quality of the Plaintiff's Services, and represent substantial and valuable goodwill of Plaintiff.

**Defendant's Willful Infringement of the Mark and Resulting Confusion**

15. Defendant was formed as a Florida corporation under the name Universal Engineering Sciences, Inc. in 1966.

16. In 2020, Defendant was converted to a Florida limited liability company under the name Universal Engineering Sciences, LLC.

17. In 2024, Defendant changed its name to UES Professional Solutions, LLC.

18. Similar to Plaintiff, Defendant provides Phase I and II environmental assessments and services related to remediation and removal of environmental conditions.

19. In 2023, just prior to Defendant changing its name to UES Professional Solutions, LLC, Defendant began using the Mark "UES" and a logo substantially similar to Plaintiff's Logo with a nearly identical color scheme in connection with the offering of certain services, including those which overlap with Plaintiff's Services.

20. The below logo has been used by Defendant since 2023 (hereafter, "Defendant's Logo"):



21. While Defendant is based in Florida, Defendant has acquired numerous companies across the United States, including companies based in/operating within the Geographic Area (the "Affiliated Companies").

22. Examples of the Affiliated Companies include:

(a) Alpha Testing – operating in Texas

(b) Geotechnology – operating in Missouri, Kansas and Arkansas, among other states

(c) GSI Engineering – operating in Kansas and Nebraska

(d) InControl Technologies – operating in Texas

(e) Riner Engineering – operating in Texas

23. Since 2023, Defendant, both on its own accord and through its Affiliated Companies, has misappropriated the Mark by use of the name "UES" and Defendant's Logo in

connection with services offered in the Geographic Area and in a manner which is intended to trade on the goodwill of Plaintiff, cause confusion in the marketplace and create a false perception that Plaintiff is affiliated with Defendant.

24. In addition to using the name "UES" and a nearly identical logo to Plaintiff's Logo within the Geographic Area, Defendant has also intentionally sought to create confusion among Plaintiff's existing clients and divert business from Plaintiff to Defendant.

25. As an example, on November 7, 2024, Defendant contacted the Missouri Department of Natural Resources, an existing client of Plaintiff, and provided a new point of contact for "UES."

26. Similarly, in January 2025, Defendant emailed BCCM Construction, a long-time client of Plaintiff, promoting "UES" and seeking to discuss upcoming projects.

27. In both instances, Plaintiff's clients contacted Plaintiff expressing confusion regarding Defendant's affiliation with Plaintiff, if any.

28. Defendant's infringement has also otherwise caused actual confusion in the marketplace.

29. As an example, on at least one occasion known to Plaintiff, one of Plaintiff's customers sought to contact Plaintiff via its website and instead landed on Defendant's website causing the customer to inadvertently order a Phase I Environmental Report from Defendant instead of Plaintiff under the mistaken belief that the website belonged to Plaintiff.

30. Plaintiff has also experienced actual confusion/resistance from potential customers who had poor experiences with Defendant and mistakenly believed that Plaintiff was associated with Defendant.

31. Similarly, Plaintiff has received outreach from customers seeking follow up Services for work which was previously provided by Defendant, not Plaintiff, under the mistaken belief that Plaintiff and Defendant were one in the same.

32. Defendant's infringement has also caused actual confusion among Defendant's own vendors, as there have been multiple instances where vendors of Defendant have submitted invoices and requests for information to Plaintiff.

33. Even Defendant's own employees are confused by the infringement, as Plaintiff has received multiple emails from Defendant's employees under the mistaken belief that Plaintiff is affiliated with Defendant. On one occasion, Defendant's employees even sent merchandise to Plaintiff bearing Defendant's Logo, again under the mistaken belief that Plaintiff is affiliated with Defendant.

34. On April 9, 2025, counsel for Plaintiff sent a letter to Defendant notifying Defendant of Defendant's infringement of Plaintiff's Mark and demanding that Defendant cease and desist from use of the Mark "UES" and Defendant's Logo within Plaintiff's operating area, including the Geographic Area.

35. On July 14, 2025, counsel for Defendant responded, refusing Plaintiff's demand to cease and desist from the use of the "UES" Mark and Defendant's Logo offering only to remove the phrase "consulting services" in connection with services provided in Kansas and Missouri.

36. Defendant has at all times continued to use the Mark and Defendant's Logo in connection with its services offered in the Geographic Area.

37. Defendant's continued use of the Mark and Defendant's Logo continues to cause confusion in the marketplace, including among Plaintiff's current clients and misleads consumers into believing Defendant's services are affiliated with Plaintiff.

4901-6416-7281 v.3

6

Case 4:25-cv-00888-BCW   Document 1   Filed 11/13/25   Page 6 of 14

38. As a result of Defendant's infringement of the Mark and other misconduct, Plaintiff has been damaged in the form of lost revenues the full amount of which is yet to be ascertained but believed to be in excess of $75,000.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

39. Plaintiff incorporates the above allegations as though fully set forth herein.

40. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Since 2012, Plaintiff has acquired, used, and exercised valid trademark rights in its distinctive Mark.

42. Defendant's unauthorized use of the Mark as described herein, which began well after Plaintiff acquired protectible common law rights in the Mark, is likely to cause confusion and deceive consumers as to the origin, sources, sponsorship or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant and its goods/services are authorized, endorsed or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

43. Defendant's unauthorized use of the Mark in commerce within the Geographic Area constitutes infringement of Plaintiff's federally protected trademark.

44. Defendant's acts and misconduct as alleged herein have caused and will continue to cause Plaintiff monetary damages, loss and injury in an amount not yet ascertained but believed to be in excess of $75,000.

45. Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

46. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant permanently enjoining Defendant's use of the Mark in the Geographic Area, awarding Plaintiff three times the amount of its actual damages, the profits derived by Defendant in using the Mark, along with all other monetary damages sustained by Plaintiff, or at a minimum the actual amount of profits derived/damages sustained, awarding Plaintiff its costs and reasonable attorneys' fees and for such other relief as the Court deems just and proper.

### COUNT II – FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

47. Plaintiff incorporates the above allegations as though fully set forth herein.

48. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin and unfair competition.

49. As the exclusive owner and user of the Mark within the Geographic Area, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

50. Defendant's unauthorized use of the Mark in the Geographic Area constitutes use in commerce of a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive actual or potential consumers as to the affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship, or approval of Defendant's services by Plaintiff or, conversely, Plaintiff's Services by Defendant.

51. Defendant's unauthorized use of the Mark in commerce within the Geographic Area constitutes use in commerce of a term confusingly similar to the Mark in violation of 15 U.S.C. § 1125(a).

52. Defendant's unauthorized use of the Mark within the Geographic Area has caused and will continue to cause Plaintiff monetary damages, loss and injury in an amount not yet ascertained but believed to be in excess of $75,000.

53. Defendant's acts and misconduct as described herein have been and will continue to be willful.

54. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant permanently enjoining Defendant's use of the Mark in the Geographic Area, awarding Plaintiff three times the amount of its actual damages, the profits derived by Defendant in using the Mark, along with all other monetary damages sustained by Plaintiff, or at a minimum the actual amount of profits derived/damages sustained, awarding Plaintiff its costs and reasonable attorneys' fees and for such other relief as the Court deems just and proper.

### COUNT III – MISSOURI COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

55. Plaintiff incorporates the above allegations as though fully set forth herein.

56. This cause of action arises under Missouri common law for trademark infringement and unfair competition and is asserted in the alternative to Plaintiff's Lanham Act claims set forth in Counts I and II.

57. As the exclusive owner and user of the Mark within Missouri, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

58. Defendant's unauthorized use of the Mark within Missouri constitutes trademark infringement and/or unfair competition in violation of the common law of Missouri.

59. Defendant's unauthorized use of the Mark in Missouri as alleged herein has caused and will continue to cause consumer confusion and the mistaken belief that Plaintiff and Defendant are the same business; that Defendant is an agent, affiliate, or associate of Plaintiff; or that Defendant's goods and services are produced, sponsored, or approve by Plaintiff.

60. Defendant's unauthorized use of the Mark within Missouri has caused and will continue to cause Plaintiff monetary damages, loss and injury in an amount not yet ascertained but believed to be in excess of $75,000.

61. Defendant's acts and misconduct as described herein have been and will continue to be willful.

62. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant permanently enjoining Defendant's use of the Mark in the State of Missouri, awarding Plaintiff all profits derived by Defendant from use of the Mark in the State of Missouri and other monetary damages sustained by Plaintiff, awarding Plaintiff its costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT IV – KANSAS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

63. Plaintiff incorporates the above allegations as though fully set forth herein.

64. This cause of action arises under Kansas common law for trademark infringement and unfair competition and is asserted in the alternative to Plaintiff's Lanham Act claims set forth in Counts I and II.

65. As the exclusive owner and user of the Mark within Kansas, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

66. Defendant's unauthorized use of the Mark within Kansas constitutes trademark infringement and unfair competition in violation of the common law of Kansas.

67. Defendant's unauthorized use of the Mark in Kansas as alleged herein has caused and will continue to cause consumer confusion and the mistaken belief that Plaintiff and Defendant are the same business; that Defendant is an agent, affiliate, or associate of Plaintiff; or that Defendant's goods and services are produced, sponsored, or approve by Plaintiff.

68. Defendant's unauthorized use of the Mark within Kansas has caused and will continue to cause Plaintiff monetary damages, loss and injury in an amount not yet ascertained but believed to be in excess of $75,000.

69. Defendant's acts and misconduct as described herein have been and will continue to be willful.

70. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant permanently enjoining Defendant's use of the Mark in the State of

4901-6416-7281 v.3

11

Case 4:25-cv-00888-BCW     Document 1     Filed 11/13/25     Page 11 of 14

Kansas, awarding Plaintiff all profits derived by Defendant from use of the Mark in the State of Kansas and other monetary damages sustained by Plaintiff, awarding Plaintiff its costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

### COUNT V – MISSOURI TRADEMARK DILUTION

71. Plaintiff incorporates the above allegations as though fully set forth herein.

72. This cause of action arises under Mo. Rev. Stat. § 417.061 for trademark dilution.

73. As the exclusive owner and user of the Mark within Missouri, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

74. Since approximately 2012 until the time of Defendant's unlawful infringement, Plaintiff has exclusively and continuously used its Mark in Missouri in connection with its Services. The Mark has become a famous and well-known symbol of Plaintiff as a provider of the Services within the State of Missouri.

75. Defendant is making use in commerce in the State of Missouri of a mark that dilutes and is likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of the Mark with Plaintiff, tarnishing and degrading the positive associations and connections of the Mark to Plaintiff, and otherwise lessening the capacity of the Mark to identify and distinguish Plaintiff's Services.

76. Defendant's acts and misconduct as described herein have been and will continue to be willful.

77. Defendant has caused and is likely to continue causing injury to the business reputation of Plaintiff and dilution of the distinctive quality of the Mark in violation of Mo. Rev. Stat. § 417.061 and Plaintiff is therefore entitled to injunctive relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant permanently enjoining Defendant's use of the Mark in the State of Missouri, awarding Plaintiffs its costs and attorneys' fees incurred herein, and for such other relief as the Court deems just and proper.

## COUNT VI – KANSAS TRADEMARK DILUTION

78. Plaintiff incorporates the above allegations as though fully set forth herein.

79. This cause of action arises under K.S.A. § 81-214 for trademark dilution.

80. As the exclusive owner and user of the Mark within Kansas, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

81. Since approximately 2012 until the time of Defendant's unlawful infringement, Plaintiff has exclusively and continuously used its Mark in Kanas in connection with its Services. The Mark has become a famous and well-known symbol of Plaintiff as a provider of the Services within the State of Kansas.

82. Subsequent to the Mark becoming famous, Defendant has and continues to make use in commerce in the State of Kansas of a mark that dilutes and is likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of the Mark with Plaintiff, tarnishing and degrading the positive associations and connections of the Mark to Plaintiff, and otherwise lessening the capacity of the Mark to identify and distinguish Plaintiff's Services.

83. Defendant's acts and misconduct as described herein have been and will continue to be willful.

84. Defendant has caused and is likely to continue causing injury to the business reputation of Plaintiff and dilution of the distinctive quality of the Mark in violation of K.S.A. § 81-214 and Plaintiff is therefore entitled to injunctive relief.

85. Additionally, because Defendant has acted willfully in trading on Plaintiff's reputation and diluting the Mark, in addition to injunctive relief Plaintiff is entitled to recover all remedies set forth in K.S.A. § 81-215, including treble damages/profits and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant permanently enjoining Defendant's use of the Mark in the State of Kansas, awarding Plaintiff three times the profits derived by Defendant in using the Mark in Kansas, three times the damages suffered by Plaintiff by reason of such use, and all other monetary damages sustained by Plaintiff, or at a minimum the actual amount of profits derived/damages sustained, awarding Plaintiff its costs and reasonable attorneys' fees and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

SEIGFREID BINGHAM, P.C.

 */s/ Greg B. Whiston*
Greg B. Whiston    MO #65271
Gregory S. Gerstner    MO #35926
2323 Grand Boulevard, Suite 1000
Kansas City, MO 64108
816.421.4460
816.474.3447 facsimile
gwhiston@sb-kc.com
ggerstner@sb-kc.com